MATTHEW T. BRENNAN, LATE SHERIFF, ETC., APPELLANT, *v.* THE LIVERPOOL AND LONDON AND GLOBE INSUR-ANCE COMPANY, RESPONDENT.

*Code,* § 122 — *when additional parties may be brought in as defendants.*

Claflin & Co., in an action against Northman, in which they afterwards recovered judgment, attached a claim existing in favor of Northman against the defendant in this action, upon a policy of insurance. On the return unsatisfied of an execution issued in the principal action, this action was brought by the sheriff upon the attached claim and a defense interposed. In the meantime an assignee in bankruptcy of Northman had recovered judgment (after a defense interposed by the defendant) upon the same claim in the State of Tennessee. The defendant in this action applied to the court to have the assignee made a party defendant in this action. *Held,* that as the defendant contested its liability for the loss arising under the policy, the case was not within the provisions of section 122 of the Code (relating to interpleader of parties), and the court had no authority to make such an order.

APPEAL from an order made at the Special Term requiring an assignee in bankruptcy to be made a party to this action, made upon the application of the defendant before any answer had been served.

*Julien T. Davies,* for the appellant.

*William Allan Butler,* for the respondent.

DANIELS, J. :

H. B. Claflin & Co. commenced an action against E. & J. North-man, in which an attachment was issued to the plaintiff, as sheriff of the county of New York.   Under it he attached a claim arising upon a policy of insurance issued by the defendant to the firm of Northman.   They recovered judgment and issued execution upon it to the plaintiff, and he brought this action to recover the claim seized under the attachment.   After Claflin & Co. recovered judg-ment, proceedings in bankruptcy were taken against the Northmans, and an assignee of their estate appointed.   He brought an action in Tennessee to recover the insurance moneys from the defendant, and recovered a judgment for the amount claimed to be due on the policy.   The defendant applied for an order requiring the assignee in bankruptcy to be made a defendant in this action.   It appeared that he was willing to be brought into the action, and the court made the order from which the appeal was taken by the plaintiff. The defendant contests its liability upon the policy, but it has been settled against the correctness of that contest in favor of the assignee; and by his judgment he has become entitled to the money, unless the plaintiff can establish a superior right to it.   If the defendant conceded its liability upon the policy, as seems to have been the case upon the demand made in *Sturtevant* v. *Brewer* (4 Bos., 628), there would not have been the slightest difficulty in the way of the order which required the assignee to be made a defend-ant; but as it did not, but contested its own liability for the loss, the case was not within the provision of the Code providing for the substitution of defendants in actions upon contracts.   This was an action upon a contract, and when that is the form of the action, the Code has only provided for making the adverse claimant a party when he can be substituted in place of the defendant proceeded against; and the latter can be discharged from liability upon depos-iting in court the amount of the debt.   (Code, § 122.)   This was not an action for the recovery of either real or personal property, within the meaning of the preceding portion of that section, in which a person having an interest in the subject of it can be made a party on his own application.   That class of actions was treated as distinguish-able from actions upon contract, by the manner in which the succeed-ing portion of the section was framed; for actions for the recovery

of specific, real or personal property are specially enumerated in the latter branch of the section, for the purpose of placing them upon the same foundation as actions on contract, when the subject of those actions can be delivered to such person as the court may direct. When that can be done, the adverse claimant may be brought in and substituted in place of the defendant in the action, the same as it can be done in actions on contract where no claim is made by the original defendant preventing the payment of the money into court; but where the original defendant resists the claim made for the recovery of the debt or property in controversy, his right must be litigated and determined before the other claimant can be substituted in his place ; and, for that reason, the action was not in the condition required by the Code for the purpose of allowing the other party to be brought in as a defendant in the case. The order, accordingly, was not, and could not have been, made under that portion of the section, but, evidently, under the part preceding it. The assignee was to be made an additional party, and not substituted in the defendant's place ; and that could not properly be done, because the action was not brought to recover real or personal property as those terms were used in this section ; and the controversy can be completely determined without prejudice to the rights of the assignee in bankruptcy, even if he is not made a party to the action. The case presented by the facts did not bring it within either of the provisions made by this section of the Code, and the result is that there is no authority for the order.

If the defendant shall be held liable to pay the loss in this action, as it already has been in the action by the assignee, then an action to interplead the contesting or adverse claimants will be proper. It cannot justly be rendered liable to pay both, and their conflicting claims will require to be settled before the money can properly be exacted by either. That can be done, at the defendant's instance, as soon as it shall be determined that the plaintiff can recover upon the policy, if such a determination shall ever be made in his favor. If it can be shown that the assignee has the paramount claim, for any reason, the defendant will be able to fully protect itself by its own defense against the demand made by the plaintiff, and that will entirely end the controversy concerning the right to the insurance money. But if the contest in the present

action shall be limited simply to its liability for the loss asserted to have been incurred, then, in case it shall be defeated upon that issue, it will probably be able to secure full protection against a double payment by interpleading, at its own instance, the conflicting claimants of the fund. It is sufficient, however, for the present, that the section of the Code providing for the addition and substitution of parties by motion does not include the case presented in support of the application made by the defendant.

The order, for that reason alone, should be reversed, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements.